IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELVIN MITCHELL ARMSTRONG, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1611 |
| | § | |
| DIANTHIA HODGES, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER OF DISMISSAL

Plaintiff, a state inmate at the time of filing, filed this *pro se* section 1983 lawsuit seeking damages for a hand injury he sustained from slipping and falling on a wet floor outside the prison showers. The threshold question is whether plaintiff's claims should be allowed to proceed under 28 U.S.C. § 1915A. Finding that plaintiff should not be allowed to proceed on these allegations, the Court **DISMISSES** this lawsuit for the reasons that follow.

### I. Claims and Analysis

Under 28 U.S.C. § 1915(e), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal

theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

A.   Claims Regarding the Slip and Fall

Plaintiff claims in his complaint that he slipped and fell as he walked to the prison showers and injured his hand because there was "light" or "slight" water on the floor, no warning signs posted, and no handrails along the outside walls.

However, in his step 1 grievance, plaintiff had informed prison officials that, "My grievance is that Warden Jones has displayed gross negligence and deliberate indifference to my serious medical and safety needs by housing me in an area that does not have handicap accessible facilities." (Docket Entry No. 1, step 1 grievance.) In his step 2 grievance, plaintiff complained that, "[T]he issue of the handicapped handrail was not address[ed]. Although Warden Jones was knowledgeable of its nonexistence this must be address[ed] by someone in a position higher than himself and not sr [sic] practice manager for this grievance to be resolved." *Id.*, step 2 grievance. Thus, plaintiff's claims in the instant lawsuit – that Jones was deliberately indifferent to his safety by not preventing run-off water from the showers and not posting warning signs – were not grieved against Jones and are unexhausted. This is clear from an examination of the grievances themselves, which are attached to plaintiff's complaint. Consequently, these two claims are dismissed for failure to state a claim predicated on failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 217 (2007); *Woodford v. Ngo*, 548 U.S. 81, 89–93 (2006).

Even assuming these two claims were exhausted, they fail to state a claim under section 1983. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff's allegations specifically do not permit a finding that Jones (a) had sufficient information to infer that the "slight" or "light" run-off water near the shower area, or lack of warning signs, presented a substantial risk of harm to plaintiff's health and safety and (b) actually drew an inference that plaintiff faced a risk of harm from the run-off water or lack of warning signs. Rather, plaintiff's complaint as to Jones raises, at most, a claim of negligence, which is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 332–36 (1986); *Marsh v. Jones*, 53 F.3d 707, 711–12 (5th Cir. 1995).

As to plaintiff's remaining civil rights claim, and assuming its proper exhaustion, plaintiff's allegations are insufficient to show that Jones was deliberately indifferent to plaintiff's safety needs by not providing him housing with handrails around the walls near the showers. *See Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999). As stated, a prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Plaintiff's allegations specifically do not permit a

finding that Jones (a) had sufficient information to infer that the lack of handrails outside the shower area presented a substantial risk of harm to plaintiff's health and safety and (b) actually drew an inference that plaintiff faced a risk of harm from the lack of handrails outside the shower area. Rather, plaintiff's complaint as to Jones raises, at most, a claim of negligence, which is not actionable under 42 U.S.C. § 1983. *See Daniels*, 474 U.S. at 332–36; *Marsh*, 53 F.3d at 711–12. Accordingly, plaintiff's claim against Jones for failure to provide him handrails outside the shower area fails to state a claim for which relief may be granted under section 1983, and is dismissed.

B. Claims Regarding Medical Care

Plaintiff claims in his complaint that the prison nurse who examined and treated his injured hand following his slip and fall displayed deliberate indifference to his serious medical needs by not providing him pain medication and not immediately scheduling him to see a physician. Plaintiff further asserts that the physician who later examined him was deliberately indifferent by failing to prescribe pain medication and delaying x-rays of his hand, which later revealed a healing bone fracture.

As previously stated, a prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994) (applying *Farmer* to medical care claim).

4

In his step 1 grievance, plaintiff had complained that the examining nurse and physician were deliberately indifferent to his serious medical needs because, "other than an x-ray I have not received any medical treatment for my broken hand." (Docket Entry No. 1, step 1 grievance.) In responding to the grievance, prison officials noted that the examining duty nurse had completed protocol and noted a possible bruise on the back of plaintiff's hand at the fourth metacarpal. The nurse had advised plaintiff to continue taking ibuprofen and submit a sick call request if there was no improvement. Plaintiff was provided an ice pack and cell pass. Prison officials further noted that plaintiff subsequently submitted a sick call request about a week later, complaining that his hand still hurt. He was seen by a physician the next day, and x-rays were ordered. The physician received the x-ray results two weeks later; the results revealed a fracture of plaintiff's fourth metacarpal in his hand. The physician referred plaintiff to the Hospital Galveston Orthopedics Department. *Id.*

In his step 2 grievance, plaintiff acknowledged that the nurse had examined him and had provided an ice pack. (Docket Entry No. 1, step 2 grievance.) He complained, however, that she failed to provide him "pain medication" or schedule a physician appointment until he complained of continued pain a week later. He argued that the nurse did not provide "proper care or concern for a serious fracture" and that he was not personally informed of the x-ray results until he submitted another sick call request. In responding to the step 2 grievance, prison officials informed plaintiff as follows:

5

> During the course of this investigation, it was revealed that you were evaluated on December 27, 2010 by nursing regarding your injured right hand. You were issued an ice pack, cell pass, and instructions given to continue taking current Ibuprofen to address pain. Also to submit a Sick Call Request (SCR) if no improvement noticed. The medical department received a SCR on January 5, 2011, and an appointment was scheduled for January 6, 2011. The provider instructed you to continue taking the Ibuprofen for pain and ordered a hand x-ray. The radiology report on January 20, 2011, revealed an acute fracture through the 4th metacarpal. On January 21, 2011, the provider ordered Ibuprofen for pain and completed a routine referral to the Orthopedic Clinic in Hospital Galveston (HG). A clinic note on February 1, 2011, indicates you were evaluated by the physician at HG and the fracture showed good signs of healing to the 4th metacarpal base fracture. A follow-up appointment was scheduled but it is noted you signed a Refusal of Treatment of Services on March 21, 2011, the day of the appointment. There is no evidence to indicate you have not received adequate medical treatment regarding your injured right hand. If you feel your medical condition has changed to warrant additional evaluation, you may submit a SCR to the facility medical department.

*Id.*

Plaintiff's complaint, allegations, and exhibits show that he was promptly examined and treated by the nurse, and told to submit a sick call request if there was no improvement. Plaintiff submitted a sick call request a week later, and was promptly seen by a physician, who treated him and ordered x-rays. The day the physician received the x-rays showing a fractured hand bone, he referred plaintiff to the hospital orthopedics department. The ensuing orthopedic examination revealed a healing fracture. Plaintiff refused his scheduled follow-up examination.

Plaintiff's allegations specifically do not permit a finding that the nurse and physician (a) had sufficient information to infer that lack of other or additional treatment presented a

6

substantial risk of harm to plaintiff's health and safety and (b) actually drew an inference that plaintiff faced a risk of harm from lack of other or additional examination or treatment. In short, plaintiff's pleadings and evidence are insufficient to raise a claim of deliberate indifference to serious medical needs. To the contrary, plaintiff's complaints raise, at most, claims of negligence, which are not actionable under 42 U.S.C. § 1983. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Marsh*, 53 F.3d at 711–12.

Moreover, plaintiff's complaints that the nurse did not provide him "pain medication" (other than ibuprofen) or directly send him to a physician, and that the physician did not prescribe "pain medication" (other than ibuprofen) or personally notify him of the x-ray results instead of referring him to Hospital Galveston, constitute nothing more than his disagreement with the medical care he received. A prisoner's disagreement with the care that he received does not establish a claim of deliberate indifference. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Accordingly, plaintiff's claims against the nurse and physician regarding medical care for his hand injury fail to state a claim for which relief may be granted under section 1983, and are dismissed.

## II. Conclusion

This lawsuit is **DISMISSED** as frivolous and for failure to state a claim. 28 U.S.C. §§ 1915A and 1915(e)(2). This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk will provide a copy of this Order to the parties; to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas, on this the 27th day of October, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE